IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BLOCKER, INC., )<br>)<br>Defendant. ) | Case 13 cv 1278<br>Judge Shadur |

**MOTION FOR JUDGMENT BY DEFAULT**

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield of Whitfield McGann & Ketterman, and respectfully request that a Judgment by Default be entered against the Defendant, Blocker, Inc. In support of the motion, the Plaintiffs state as follows:

1. Plaintiffs filed their Complaint on February 18, 2013 and the Defendant was served with a copy of the Complaint and Summons on February 28, 2013. (Exhibit A)

2. The Defendant has failed to appear, answer or otherwise plead within the time allowed by the Federal Rules of Civil Procedure.

3. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

4. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois. (Exhibit B)

5. Blocker, Inc. is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds. (Exhibit B, Exhibit C)

6. The Collective Bargaining Agreement also binds Blocker, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements"). (Exhibit B)

7. Blocker, Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union. (Exhibit B)

8. Blocker, Inc. submitted the monthly contribution reports but failed to submit the ERISA contributions shown to be owed in the amount of $17,805.08 for the months of November 2012 through March 2013. (Exhibit B)

9.  The Defendant also failed to remit union dues withheld from the employees' wages. The amount of dues withheld is $529.73 for the period - November 2012, December 2012, February 2013, and March 2013. (Exhibit B)

10. Blocker, Inc. owes interest on the unpaid ERISA contributions in the amount of $133.68 pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(B). (Exhibit B)

11. Blocker, Inc. owes liquidated dames on the unpaid ERISA Contributions on the amount of $2,741.90 for the period July 2012 through March 2013 pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(C)(ii). (Exhibit B)

12. Blocker, Inc. owes $2,992.50 for necessary and reasonable attorney fees, and costs of $362.62 totaling $3,355.12 which are collectible under the terms of the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D). (Exhibit D, Exhibit E)

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a Judgment by Default in the amount of $24,565.57.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By: s/David Whitfield
_____
DAVID WHITFIELD

# EXHIBIT LIST

<u>EXHIBIT A</u>
Copy of Returned Service of Summons

<u>EXHIBIT B</u>
Declaration of John Libby

<u>EXHIBIT C</u>
Signed Agreement

<u>EXHIBIT D</u>
Declaration of David Whitfield

<u>EXHIBIT E</u>
Detailed Billing of Whitfield, McGann & Ketterman